IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DIMAGGIO MONTELL STARR,

                Plaintiff,

vs.                                                                 Case No. 20-3302-SAC

SHERIFF CALVIN HAYDEN, DEPUTY
BREITENKAMP, DEPUTY BRYANT,
and JOHNSON COUNTY BOARD OF
COUNTY COMMISSIONERS,

                Defendants.

MEMORANDUM AND ORDER

The plaintiff Dimaggio Montell Starr is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Court Judge, why this action should not be dismissed due to the deficiencies in the plaintiff's complaint as discussed herein.

**Nature of Suit and the Plaintiff's Allegations**

Mr. Starr brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He is incarcerated at the Johnson County Detention Center in Olathe, Kansas ("JCDC"). The court granted Mr. Starr leave to proceed *in forma pauperis,* and he has paid his initial partial filing fee. ECF# 6.

Mr. Starr alleges that Deputy Breitenkamp and Deputy Bryant directed him to remove his "religious Santeria altar." ECF# 1, p. 2. And when he did not comply, Mr. Starr alleges that the deputies "confiscated . . . [the] religious altar stating that I could not practice my religion in this facility after I stated numerous times they" were violating my rights under the First Amendment. *Id.* at pp. 2-3. Asserting he has been

unable "to set up . . . [his] altar or practice . . . [his] religion, Mr. Starr claims this violates First Amendment religion rights in count one and his Eight Amendment rights against cruel and unusual punishment in count two. In count two, the plaintiff also alleges he was threatened with disciplinary segregation for practicing his religious beliefs. The plaintiff seeks as relief monetary compensation of $100,000.00 for emotional and psychological distress caused by not being able to practice his religion and punitive damages of $900,000.00.

**Statutory Screening of Prisoner Complaints**

A court must screen prisoners' complaints which seek relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening court must dismiss the entire complaint or any part of it that, "is frivolous, malicious, or fails to state a claim upon which relief can be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). In addressing a claim brought under § 1983, the analysis begins by identifying the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right. *Id*.

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The same standard used for Fed. R. Civ. P. 12(b)(6) motions is used for § 1915 dismissals, and this includes the newer language and meaning taken from *Twombly* and its "plausibility" determination. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). The Tenth Circuit has made clear, "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or

construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

**Discussion**

The plaintiff fails to allege any participation or involvement by the defendants, Sheriff Calvin Hayden ("Sheriff") and the Johnson County Board of Commissioners ("Board"). The law in this circuit is clear:

> "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Supervisory status alone does not create § 1983 liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008). Rather, there must be "an affirmative link … between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir.1997) (quotation and brackets omitted).

*Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). The plaintiff's complaint is devoid of any allegations connecting the Sheriff or the Board to the events on September 24, 2020. A plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights. "Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008). The plaintiff's complaint alleges only individual acts by the deputies and not any policy or regulation. *See Carr v. Zwally*, 760 Fed. Appx. 550, 554 n.4 (10th Cir. Jan. 8, 2019) (unpub.). The plaintiff is directed to show cause why the Sheriff and the Board should not be dismissed for failure to state a claim.

In count one, the plaintiff alleges religious discrimination for confiscating what he describes as his "religious altar." This is a conclusory allegation

that lacks supporting facts from which to identify what was confiscated and what made it religious. To plausibly state a claim of invidious religious discrimination in the confiscation of religious materials, the plaintiff must allege sufficient facts showing that the deputies took what they knew were religious items "not for a neutral reason but for the purpose of discriminating on account of religion." *Carr*, 760 Fed. Appx. at 554 (internal quotation marks and citations omitted). In a § 1983 action asserting liability against an individual defendant for First Amendment discrimination, "a plaintiff must prove a discriminatory purpose, supported by evidence of the defendant's subjective motivations." *Pahls v. Thomas*, 718 F.3d 1210, 1230 n.8 (10th Cir. 2013). This required showing involves more than "'awareness of consequences'" but "'involves a decisionmaker's undertaking a course of action because of, not merely in spite of, the action's adverse effects upon an identifiable group.'" *Pahls*, 718 F.3d at 1230 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009)). The plaintiff's complaint alleges at most the deputies' awareness of consequences but fails to allege the deputies' targeting of religious materials for the purpose of discriminating on account of religion. *See Carr*, 760 Fed. Appx. at 555. In their current form, the plaintiff's allegations are insufficient to state a claim for relief.

The plaintiff's complaint may be attempting to allege a retaliation claim. "[I]t is well established that an act in retaliation for the exercise of a constitutionally protected right is actionable under [ 42 U.S.C.] Section 1983 even if the act, when taken for a different reason, would have been proper." *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990) (citations omitted). The Tenth Circuit has held that:

> Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). To bring such a claim, the inmate "must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) (quotations and citations omitted). "[I]t is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990). "To prevail, a prisoner must show that the challenged actions would not have occurred 'but for' a retaliatory motive." *Baughman v. Saffle*, 24 Fed. Appx. 845, 848 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)). The plaintiff's complaint is deficient in alleging a retaliation claim.

In count two, the plaintiff alleges an Eighth Amendment claim for being threatened generally and specifically with disciplinary segregation for practicing his religion. "Mere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 Fed. Appx. 393, 396 (10th Cir. 2005) (citing *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992))); *see also McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth

Amendment."). The plaintiff fails to allege threats rising to the level of an Eighth Amendment violation. *See Neff v. Winfield Correctional Facility*, 2020 WL 1659884, at *4 (D. Kan. Apr. 3, 2020). This claim is subject to dismissal for failure to state a claim for relief.

Federal law prohibits prisoners from bringing federal actions "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Section 1997e(e) . . . provides in pertinent part: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id*. In *Searles v. Van Bebber*, 251 F.3d 869 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002), the Tenth Circuit specifically held that the "Limitation on Recovery" set forth in § 1997e(e) applied to a First Amendment claim that prison officials denied the plaintiff a Kosher diet and to claims for actual or compensatory damages. *Id*. at 879, 881. The plaintiff's complaint fails to allege any facts to support a cognizable claim for damages. There are no allegations to indicate the defendants' actions caused the plaintiff to sustain a physical injury. Thus, the plaintiff has no claim for monetary damages absent the allegation of additional facts to support the same.

"Punitive damages are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles v. Van Bebber*, 251 F.3d at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). The plaintiff's complaint fails to

7

allege the defendants acted with a sufficiently culpable state of mind as to state a plausible basis for punitive damages. This request is subject to dismissal.

**Response Required**

The plaintiff is required to file an amended complaint upon court-approved forms that cures all the pleading deficiencies discussed above and/or a memorandum showing good cause why this case should not be dismissed for each of the reasons discussed above. If the plaintiff does not respond within the prescribed time, this matter may be dismissed without further notice.

IT IS THEREFORE ORDERED that the plaintiff is granted until February 3, 2021, to file either an amended complaint curing all the pleading deficiencies discussed above and/or a memorandum showing good cause why this case should not be dismissed for each reason discussed above.

Dated this 13th day of January, 2021, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge